FRANCES LA ROSA, BY HER NEXT FRIEND, FRANK LA ROSA, AND FRANK LA ROSA, HER FATHER, IN HIS OWN RIGHT, RESPONDENTS, v. JOHN R. LIVEZEY, BURK MOTOR COMPANY, JOHN P. DIEBOLD AND EDWARD P. KOHL, DEFENDANTS; BURK MOTOR COMPANY, APPELLANT.

Argued October term, 1930—Decided May 15, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Thompson & Hanstein.*

For the respondents, *Anthony J. Siracusa.*

PER CURIAM.

This action was to recover damages for injuries claimed to be due to negligence in the operation of an automobile. It was against several defendants, including the Burk Motor Company; there was a verdict against the Burk Motor Company alone, and that company appeals.

The liability of the Burk Motor Company could only arise through the negligence of one John P. Diebold, who, it was claimed, was its agent at the time of the accident, supervising the handling of the car. While Diebold was originally made a party, he was never served with summons and complaint, and his name was dropped out at the time of the trial.

The story of the case was that the defendant Livezey had purchased an automobile from the Burk Motor Company and at the time of the accident it was being driven by Livezey's employe, Kohl. Seated beside Kohl was Diebold, an employe of the Burk Motor Company, and two questions are presented on the appeal: (1) whether Diebold was sent by the Burk company as an instructor to Kohl, and (2) assuming that he was, whether the accident was due to the negligence of Kohl or of Diebold, or of both.

The facts which the jury might find were that Kohl was a learner, without license to drive, and unfamiliar with the operation of a car; that Livezey, in buying the car, sought an instructor (as seems to be usual) from the automobile company to accompany the driver so that the latter could learn to operate the car; that there was an arrangement made that Bannon, also an employe of the Burk company, should go out with Kohl and instruct him; that Bannon, who had on two previous occasions accompanied Kohl, was not available when the car was taken out on the day of the accident, and Diebold was substituted for the purpose. There was sufficient evidence to indicate that Diebold was sent by the Burk company as an instructor to Kohl, and if there was negligence on his part causing the plaintiff's injuries, obviously that negligence would be chargeable to the Burk company.

As to the negligence itself, the plaintiff was walking along Atlantic avenue in Atlantic City. While so walking the automobile ran up on the sidewalk, pinning her against the wall, backed away and then struck her again. At the time Kohl was at the steering wheel and Diebold was sitting beside him. From this negligent operation could certainly be inferred,

and under the circumstances that such negligence was that of Diebold. It must be that one situated in the position of Dielbold is available to avoid just such an accident as here occurred. Otherwise his presence in the car would be of little value. He was there to act in an emergency; to guide the car or to stop it. The car was a lefthand drive and the manipulation of the gears was to the driver's right between Diebold and Kohl. It seems to us, or at least the jury might find, that under such circumstances when the car started to leave the street and go up on the sidewalk it was incumbent on the instructor to take precautions, and failing to do this, an accident resulted and his employer would be responsible.

The motion for nonsuit was properly denied and the judgment is affirmed.